J-S26024-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| ROBERT A. ANDREWS | : | |
| Appellant | : | No. 1530 MDA 2024 |

Appeal from the Judgment of Sentence Entered September 10, 2024
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s): CP-35-CR-0001025-2023

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| ROBERT A. ANDREWS | : | |
| Appellant | : | No. 1531 MDA 2024 |

Appeal from the Judgment of Sentence Entered September 17, 2024
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s): CP-35-CR-0002443-2023

BEFORE:  LAZARUS, P.J., OLSON, J., and BECK, J.

MEMORANDUM BY OLSON, J.:          **FILED: OCTOBER 17, 2025**

In this consolidated appeal, Appellant, Robert A. Andrews, appeals from the September 10, 2024 judgment of sentence entered in the Court of Common Pleas of Lackawanna County at trial court docket number CP-35-CR-0001025-2023 ("Case 1025"), as well as the September 17, 2024 judgment of sentence entered in the Court of Common Pleas of Lackawanna

County at trial court docket number CP-35-CR-0002443-2023 ("Case 2443").[1] As explained in greater detail *infra*, the trial court sentenced Appellant to an aggregate term of 39 to 90 months' incarceration to be followed by 48 months' probation after Appellant pled guilty, in Case 1025, to simple assault – fear of imminent serious bodily injury, and aggravated assault by vehicle and driving under the influence of alcohol or controlled substance ("DUI") in Case 2443.[2] Counsel for Appellant, Donna M. DeVita, Esquire ("Attorney DeVita") filed an ***Anders*** brief and a petition to withdraw as counsel.[3] After a comprehensive review, we affirm the judgments of sentence and grant the petition to withdraw.

Appellant's criminal conviction in Case 1025 stems from an incident, on April 5, 2023, wherein Appellant threatened two individuals with a knife

---

[1] In a November 6, 2024 *per curiam* order, this Court consolidated *sua sponte* Appellant's appeals docketed with this Court at 1530 MDA 2024 and 1531 MDA 2024.

For reasons explained in greater detail *infra*, Appellant's judgment of sentence in Case 2443 became final on September 17, 2024. The caption has been corrected accordingly.

[2] 18 Pa.C.S.A.§ 2701(a)(3), as well as 75 Pa.C.S.A. §§ 3732.1(a) and 3802(d)(1)(i), respectively.

[3] ***Anders v. California***, 386 U.S. 738 (1967); ***see also Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009); ***Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981).

because one of the individuals, a female, contacted Appellant's parole officer.[4]
Affidavit of Probable Cause, 4/5/23. Appellant was charged with two counts
of terroristic threats – crime of violence with intent to terrorize, two counts of
simple assault – fear of imminent serious bodily injury, and one count of
harassment – strikes, shoves, or kicks.[5] Appellant pled guilty to one count of
simple assault on November 21, 2023.

> In Case 2443, the following incident occurred on September 2, 2023.
>
> Appellant [led] the Taylor Borough Police Department on a vehicle
> chase through portions of the Borough of Taylor[, Pennsylvania,
> which, ultimately, ended] within the City of Scranton[,
> Pennsylvania]. During that vehicle chase, Appellant drove his
> vehicle erratically, struck multiple other occupied vehicles, and
> eventually crashed [the] vehicle into a residence located [within]
> the 2100 block of Pittston Avenue in Scranton. After which,
> Appellant fled on foot, but was apprehended by members of the
> Scranton Police Department a short time later[.]

Trial Court Opinion, 3/13/25, at 3; **see also** Affidavit of Probable Cause,
9/5/23. Appellant was charged with aggravated assault by vehicle, accidents
involving death or personal injury while not properly licensed – accident
resulting in injury or death, fleeing or attempting to elude police officer,
evading arrest or detention on foot, recklessly endangering another person,
DUI, driving vehicle at safe speed, reckless driving, careless driving – serious

---

[4] Appellant was the boyfriend of the female individual's niece and was living
in the female individual's residence as part of his home plan for parole.
Affidavit of Probable Cause, 4/5/23.

[5] 18 Pa.C.S.A. §§ 2706(a)(1) (two counts), 2701(a)(3) (two counts), and
2709(a)(1) (one count), respectively.

bodily injury, and driving while operating privilege is suspended or revoked.[6] On June 10, 2024, Appellant pled guilty to aggravated assault by vehicle and DUI.

On September 10, 2024, at Case 1025, the trial court sentenced Appellant to 11 to 24 months' incarceration for his simple assault conviction.[7] N.T., 9/10/24, at 8; *see also* Sentencing Order, 9/20/24. That same day, the trial court, in Case 2443, sentenced Appellant to 27 to 60 months' incarceration to be followed by 48 months' probation for his conviction of aggravated assault by vehicle. N.T., 9/10/24, at 8; *see also* Sentencing Order, 9/20/24. The trial court deferred sentencing Appellant for his DUI conviction on September 10, 2024, because Appellant had not yet completed a court reporting network ("CRN") evaluation.[8] N.T., 9/10/24, at 8. Therefore, Appellant's judgment of sentence is Case 2443 was not finally concluded on September 10, 2024. *See Commonwealth v. Cross*, 317 A.3d

---

[6] 75 Pa.C.S.A. §§ 3732.1(a), 3742.1(a)(1), 3733(a), as well as 18 Pa.C.S.A. §§ 5104.2(a), and 2705 and 75 Pa.C.S.A. §§ 3802(d)(1)(i), 3361, 3736, 3714(c), and 1543, respectively.

[7] In Case 1025, the trial court credited Appellant with 49 days for time served. Sentencing Order, 9/20/24. The other charges originally filed at Case 1025 were *nolle prosequied* as part of the sentencing hearing on September 10, 2024. *See* Trial Court Docket (Case 1025) at 4-5.

[8] With the exception of the DUI conviction for which Appellant was to be sentenced at a later date, the remaining charges originally filed at Case 2443 were *nolle prosequied* as part of the sentencing hearing on September 10, 2024. *See* Trial Court Docket (Case 2443) at 5-6.

655, 657-658 (Pa. Super. 2024) (stating that, a judgment of sentence is completed only after the trial court imposes sentence on all claims the Commonwealth filed against a defendant and which resulted in conviction).

On September 17, 2024, the trial court sentenced Appellant to 1 to 6 months' incarceration for his DUI conviction. N.T., 9/17/24, at 2; **see also** Sentencing Order, 9/20/24. In addition, the sentence imposed for Appellant's aggravated assault by vehicle conviction was set to run consecutively to the sentence imposed in Case 1025. Sentencing Order, 9/20/24. The sentence imposed for Appellant's DUI conviction was set to run consecutively to the sentence imposed for Appellant's aggravated assault by vehicle conviction. *Id.* The term of probation imposed as part of the sentence for aggravated assault by vehicle was set to run consecutively to Appellant's aggregate term of incarceration.[9] *Id.* It was at this point that the trial court imposed a complete sentencing scheme on all of Appellant's criminal convictions in Case 2443. Therefore, Appellant's judgment of sentence imposed in Case 2443 was completed on September 17, 2024. **Cross**, 317 A.3d at 657-658. The aggregate sentence imposed on Appellant for both Case 1025 and Case 2443 was 39 to 90 months' incarceration to be followed by 48 months' probation.

---

[9] In Case 2443, the trial court credited Appellant with 373 days for time served. Sentencing Order, 9/20/24.

On September 18, 2024, Appellant filed a timely post-sentence motion requesting that the trial court reconsider his sentence on the grounds that the sentence imposed for his aggravated assault by vehicle conviction was excessive and the trial court failed to consider his rehabilitative needs.[10] Post-Sentence Motion, 9/18/24, at ¶28. On September 19, 2024, the trial court denied Appellant's post-sentence motion. This appeal followed.[11] On May 9, 2025, Attorney DeVita filed an **Anders** Brief and a petition to withdraw as counsel with this Court.

Preliminarily, we must address Attorney DeVita's petition to withdraw and the accompanying **Anders** brief, both alleging this appeal is frivolous and without merit. **Anders** Brief at 22; **see also** Petition to Withdraw as Counsel, 5/9/25, at ¶5. "When presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." **Commonwealth v. Daniels**, 999 A.2d 590, 593 (Pa. Super. 2010) (citation omitted). In order to withdraw pursuant to **Anders**, "counsel must file a brief that meets the requirements established by our Supreme Court in [**Santiago**, **supra**]." **Commonwealth v. Harden**, 103 A.3d 107,

---

[10] **See** Pa.R.Crim.P. 720(A)(1) (stating that, a post-sentence motion must be filed within 10 days after the imposition of sentence). In both Case 1025 and Case 2443, Appellant filed his post-sentence motion within 10 days of the entry of completed judgments of sentence.

[11] Both Appellant and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

110 (Pa. Super. 2014) (parallel citation omitted). Specifically, counsel's

*Anders* brief must comply with the following prerequisites:

(1)    provide a summary of the procedural history and facts, with citations to the record;

(2)    refer to anything in the record that counsel believes arguably supports the appeal;

(3)    set forth counsel's conclusion that the appeal is frivolous; and

(4)    state counsel's reasons for concluding that the appeal is frivolous.  Counsel should articulate the relevant facts of record, controlling case law, [and] statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.* (citation omitted).

Pursuant to *Commonwealth v. Millisock*, 873 A.2d 748 (Pa. Super. 2005), and its progeny, "[c]ounsel also must provide a copy of the *Anders* brief to his [or her] client." *Commonwealth v. Orellana*, 86 A.3d 877, 880 (Pa. Super. 2014) (internal quotation marks and citation omitted).  The brief must be accompanied by a letter that advises the client of the option to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of [this Court's] attention in addition to the points raised by counsel in the *Anders* brief." *Id.*  "Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." *Commonwealth v. Goodwin*, 928 A.2d 287, 291 (Pa. Super. 2007) (*en banc*) (citation and internal quotation marks omitted).

- 7 -

Instantly, Attorney DeVita satisfied the technical requirements of **Anders** and **Santiago**. In the **Anders** brief, counsel identifies the pertinent factual and procedural history and makes citation to the record. Counsel raises several issues challenging Appellant's judgments of sentence that could arguably support an appeal, but ultimately, counsel concludes the appeal is wholly frivolous. **See Anders** Brief at 4-5, 9-22. Counsel also attached to her petition a letter to Appellant that fulfills the notice requirements of **Millisock**. Appellant has not filed a response to counsel's letter, the **Anders** brief, or the petition to withdraw. Accordingly, we proceed to conduct an independent review of the record to determine whether the appeal is wholly frivolous.

In the **Anders** brief, counsel raises the following issues for our review:

**[Case 1025]**

[1.] Whether the trial court erred and abused its discretion by imposing an arbitrary, harsh[,] and excessive sentence at the high end of the guideline standard sentence range on the simple assault [conviction in Case 1025] by failing to consider:

[(a.)] Appellant's difficult childhood, his background and family, his remorse and acceptance of responsibility, [and] his participat[ion] in programs while he was incarcerated;

[(b.) Appellant's] rehabilitative needs;

[(c.) Appellant's] possible mental health issues; and

[(d.) t]hat the sentence imposed is contrary to the fundamental norms underlying the sentencing process in this Commonwealth[?]

[2.]    Whether the trial court erred and abused its discretion when it imposed consecutive sentences on all [convictions] which resulted in a harsh and excessive aggregate sentence of [39] to [90] months['] incarceration [to be followed by] 48 months' probation[?]

[3.]    Whether the trial court committed an error of law [or] abused its discretion [] when it considered [Appellant's] prior assault charges[,] which were not convictions[,] when imposing sentence[?]

**[Case 2443]**

[1.]    Whether the trial court erred and abused its discretion by imposing an arbitrary, harsh[,] and excessive aggravated sentence on the aggravated assault by vehicle[ conviction] and at the high end of the standard sentence range on the DUI[ conviction] for the following reason[s]:

    [(a.)]    The [trial court] failed to consider [Appellant's] difficult childhood, his background and family, his remorse and acceptance of responsibility, [and] his participat[ion] in programs while he was incarcerated;

    [(b.)    Appellant's] rehabilitative needs;

    [(c.)    Appellant's] possible mental health issues;

    [(d.)    The trial court in imposing] the sentences focused only on punishment;

    [(e.)]    Where there were no aggravated circumstances or other behavior which necessitated sentences in the aggravated or the high end of the standard sentence ranges; and

    [(f.)]    The sentences are contrary to the fundamental norms underlying the sentencing process in this Commonwealth[?]

[2.]    Whether the trial court [] abused its discretion [or] committed an error of law when it considered [Appellant's] prior assault charges[,] which were not convictions[,] when imposing sentence[?]

[3.] Whether the trial court erred and abused its discretion when it imposed an aggregate sentence of [39] to [90] months[' incarceration to be followed by] 48 months' probation on [Appellant's convictions in Case 1025 and Case 2443?]

***Anders*** Brief at 4-5 (extraneous capitalization omitted).

Collectively, in asserting, in both Case 1025 and Case 2443, that his sentences were excessive and inconsistent with the Pennsylvania Sentencing Code, Appellant raises a challenge to the discretionary aspects of his sentences.

> "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." ***Commonwealth v. Derry***, 150 A.3d 987, 991 (Pa. Super. 2016) (citations omitted). Before reaching the merits of such claims, we must determine:
>
>> (1) whether the appeal is timely; (2) whether [the] appellant preserved his[, or her,] issues; (3) whether [the] appellant's brief includes a [Pennsylvania Rule of Appellate Procedure] 2119(f) concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is inappropriate under the sentencing code.
>
> ***Commonwealth v. Corley***, 31 A.3d 293, 296 (Pa. Super. 2011) (citations omitted).
>
> "To preserve an attack on the discretionary aspects of sentence, an appellant must raise his[, or her] issues at sentencing or in a post-sentence motion. Issues not presented to the [trial] court are waived and cannot be raised for the first time on appeal." ***Commonwealth v. Malovich***, 903 A.2d 1247, 1251 (Pa. Super. 2006) (citations omitted); ***see also*** Pa.R.A.P. 302(a).
>
> "The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." ***Commonwealth v. Battles***, 169 A.3d 1086, 1090 (Pa. Super. 2017) (citation omitted).

- 10 -

*Commonwealth v. Pisarchuk*, 306 A.3d 872, 878 (Pa. Super. 2023) (original brackets and extraneous capitalization omitted), *appeal denied*, 318 A.3d 95 (Pa. 2024); *see also Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

Here, Appellant filed timely notices of appeal.[12]  In his post-sentence motion, Appellant requested that the trial court reconsider the sentence imposed for the aggravated assault by vehicle conviction on the ground that the sentence was "excessive, arbitrary[,] and capricious" and the trial court failed to consider Appellant's childhood, family life, background, lack of education, skills, or training, and his rehabilitative needs.  Post-Sentence Motion, 9/18/24, at ¶¶19, 27-29.[13]  In his post-sentence motion, Appellant did not challenge the sentences imposed for his convictions of simple assault and DUI.  **See generally**, Post-Sentence Motion, 9/18/24.  Typically, because Appellant failed to preserve a challenge to the sentences imposed for the simple assault or DUI convictions in his post-sentence motion, challenges to these sentences would be waived on appeal.  Pa.R.A.P. 302(a) (stating that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal").  Nonetheless, within the context of an **Anders** brief,

_____

[12] Appellant filed a separate notice of appeal at each of the aforementioned trial court dockets.

[13] We note that a copy of Appellant's post-sentence motion, although listed on the trial court docket for Case 2443, is not part of the certified record for Case 2443.  A copy of the post-sentence motion, which contains both trial court docket numbers, is, however, part of the certified record for Case 1025.

and to comport with this Court's requirement that we review the entire record for any non-frivolous issues, we will consider Appellant's challenge to the discretionary aspects of his sentences as the sentences relate to all three convictions. *See Dempster*, 187 A.3d at 271-272 (stating that, although an issue has been waived on appeal, this Court will still consider the issue to fulfill the requirement that we review the entire record for any non-frivolous issues). This does not mean, however, that we will act as counsel for, or advocate on behalf of, Appellant but, rather, we will only conduct a simple review of the entire record and ascertain whether, or not, there appears, on the face of the record, to be any arguably meritorious issue. *Id.*

In his Rule 2119(f) statement, Appellant contends that "the trial court abused its discretion when it imposed harsh and excessive sentences at the highest end of the [Sentencing] Guidelines' standard range on the simple assault [conviction] and [at the] aggravated [range] on the aggravated assault [by vehicle conviction]" and that his DUI conviction did not warrant the sentence imposed by the trial court. *Anders* Brief at 12-13. Appellant asserts that the manner in which the trial court imposed its sentences raises a substantial question because the trial court "focused on the offenses only," and "failed to consider all of Section 9781's criteria."[14] *Id.* at 13; *see also*

---

[14] Appellant's reliance on Section 9781 of the Pennsylvania Sentencing Code is misplaced. Section 9781 relates to appellate review of a sentence and requires this Court to vacate a sentence and remand the case to the trial court if we find "(1) the [trial] court purported to sentence within the sentencing

42 Pa.C.S.A. § 9781. Appellant asserts that the trial court failed to consider "[t]he nature and circumstances of the offense and the history and characteristics of the defendant[, t]he opportunity of the sentencing court to observe the defendant[,] including any presentence investigation [("PSI") report, t]he findings upon which the sentence was based[,] and [the sentencing] guidelines promulgated by the commission." **Anders** Brief at 13 (formatting modified). Appellant further contends that the trial court "failed to take into account his background and [] history[, as well as] his need for rehabilitation as identified in his PSI [report] along with the possibility of mental health issues." **Id.** at 13.

"[O]rdinarily, a claim that the [trial] court failed to consider or accord proper weight to a specific sentencing factor[, *i.e.*, a defendant's rehabilitative needs,] **does not** raise a substantial question." **Commonwealth v.**

_____

guidelines but applied the guidelines erroneously; (2) the [trial] court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or (3) the [trial] court sentenced outside the sentencing guidelines and the sentence is unreasonable." 42 Pa.C.S.A. § 9781(c)(1-3) (formatting modified). Otherwise, this Court shall affirm the judgment of sentence. 42 Pa.C.S.A. § 9781(c). In conducting our review of a judgment of sentence, we "shall have regard for: (1) The nature and circumstances of the offense and the history and characteristics of the defendant[;] (2) The opportunity of the [trial] court to observe the defendant, including any presentence investigation[;] (3) The findings upon which the sentence was based[;] (4) The guidelines promulgated by the commission." 42 Pa.C.S.A. § 9781(d)(1-4) (formatting modified). Section 9721 of the Sentencing Code, as discussed *infra*, sets forth the criteria that a trial court must consider in fashioning its sentence. **See** 42 Pa.C.S.A. § 9721(b).

*Caldwell*, 117 A.3d 763, 769 (Pa. Super. 2015) (citation omitted; emphasis in original), *appeal denied*, 126 A.3d 1282 (Pa. 2015). We have previously held, however, that a claim that a trial court placed inordinate focus on the underlying offense and failed to consider mitigating factors, such as the defendant's rehabilitation achieved while in prison, or his continuing rehabilitative needs, raises a substantial question. *Commonwealth v. Schroat*, 272 A.3d 523, 527 (Pa. Super. 2022) (finding a substantial question was raised based on a claim the trial court "plac[ed] inordinate focus on the facts of the underlying offense, fail[ed] to consider relevant mitigating factors, and fail[ed] to consider evidence of his rehabilitation while in prison"); *see also Commonwealth v. Lamonda*, 52 A.3d 365, 371 (Pa. Super. 2012) (finding a substantial question was raised where the defendant claimed "the trial court focused exclusively on the gravity of the offense in fashioning the sentence"), *appeal denied*, 75 A.3d 1281 (Pa. 2013); *Commonwealth v. Derrickson*, 242 A.3d 667, 680 (Pa. Super. 2020). Therefore, Appellant raised a substantial question in his Rule 2119(f) statement.

Finally, before reaching the merits of Appellant's claims, we must determine whether, or not, Appellant has the right to seek permission to appeal the discretionary aspects of his sentences. "Generally, a plea of guilty amounts to a waiver of all defects and defenses except those concerning the jurisdiction of the court, the legality of the sentence, and the validity of the guilty plea." *Commonwealth v. Morrison*, 173 A.3d 286, 290 (Pa. Super. 2017) (citation omitted). It is well-settled that "where a defendant pleads

- 14 -

guilty pursuant to a plea agreement specifying particular penalties, the defendant may not seek a discretionary appeal relating to those agreed-upon penalties." **Commonwealth v. Brown**, 982 A.2d 1017, 1019 (Pa. Super. 2009) (citation omitted), *appeal denied*, 990 A.2d 726 (Pa. 2010); **see also Commonwealth v. Alameda**, 339 A.3d 504, 511 (Pa. Super. 2025) (stating, "[w]here the plea agreement provides specific penalties, an appeal from a discretionary sentence will not stand; however, where the plea agreement provides for no sentencing restrictions, the entry of a guilty plea will not preclude a challenge to the discretionary aspects of sentencing" (citation, original quotation marks, and ellipsis omitted)); **Morrison**, 173 A.3d at 290. "Permitting a defendant to petition for such an appeal would undermine the integrity of the plea negotiation process and could ultimately deprive the Commonwealth of sentencing particulars for which it bargained." **Brown**, 982 A.2d at 1019. In a situation involving a hybrid plea agreement, which is a negotiated plea agreement that specifies some but not all aspects of the sentence, an appellant may seek a limited appeal of the discretionary aspects of the hybrid plea agreement upon which there was no specific agreement. **Commonwealth v. Dalberto**, 648 A.2d 16, 21 (Pa. Super. 1994), *appeal denied*, 655 A.2d 983 (Pa. 1995), *cert. denied*, 516 U.S. 818 (1995); **see also Commonwealth v. Heaster**, 171 A.3d 268, 271 (Pa. Super. 2017), *appeal denied*, 181 A.3d 1078 (Pa. 2018); **Brown**, 982 A.2d at 1019; **Alameda**, 339 A.3d at 511.

Here, in Case 1025, Appellant agreed to plead guilty to one count of simple assault in exchange for the Commonwealth's agreement to *nolle prose* the four remaining criminal charges. **See** Guilty Plea Colloquy, 11/21/23. While Appellant understood that, by pleading guilty to one count of simple assault, the trial court could impose, *inter alia*, a maximum sentence of 2 years' incarceration, (**see id.**; **see also** N.T., 11/21/23, at 4), the plea agreement did not specify an agreed upon sentence. In Case 2443, Appellant agreed to plead guilty to one count each of aggravated assault by vehicle and DUI in exchange for the Commonwealth's agreement to *nolle prose* the remaining criminal charges. **See** Guilty Plea Colloquy, 6/10/24. While Appellant understood that, by pleading guilty to the two aforementioned criminal charges, the trial court could impose, *inter alia*, a maximum sentence of 7 years' incarceration for the aggravated assault by vehicle conviction and 72 hours to 6 months' incarceration for the DUI conviction (**see id.**, N.T., 6/10/24, at 2), the plea agreement did not specify an agreed upon sentence. Because the plea agreements did not specify the exact periods of incarceration Appellant would serve for each criminal conviction in exchange for his guilty pleas, Appellant's guilty plea agreements are hybrid agreements. As such, Appellant is permitted to seek an appeal of the discretionary aspects of his sentences, and we proceed to consider the merits of Appellant's claim. **See Heaster**, 171 A.3d at 271; **see also Alameda**, 339 A.3d at 511.

In reviewing sentencing matters, we are mindful of our well-settled standard of review.

> Sentencing is a matter vested in the sound discretion of the [trial court], and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the [trial] court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias[,] or ill[-]will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Garcia-Rivera*, 983 A.2d 777, 780 (Pa. Super. 2009).

Section 9721(b) of the Sentencing Code requires a trial court, in fashioning its sentence, to, *inter alia*, "follow the general principle that the sentence imposed should call for total confinement that is consistent with [S]ection 9725 (relating to total confinement) and the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b).

In the *Anders* brief, counsel for Appellant sets forth Appellant's arguments in support of his claim that the trial court abused its discretion in fashioning the sentences in Case 1025 and Case 2443 but counsel, ultimately, concludes that the appeals are frivolous. *Anders* Brief at 13-22. Appellant argues that the trial court, in fashioning its sentence of 11 to 24 months' incarceration in Case 1025, imposed an "excessive sentence at the highest end of the standard sentence range[.]" *Id.* at 14. Appellant asserts that the trial court failed, in particular, to consider Appellant's history and characteristics that necessitated the sentence. *Id.* at 14-16. Appellant contends that "the trial court merely focused on the offense without taking

into consideration his rehabilitation needs." ***Id.*** at 16. Appellant argues that the trial court should have sentenced him "to probation requiring participation in programs addressing addiction and mental health issues which could benefit both [Appellant] and society by identifying his destructive behavior and providing tools to overcome [his addiction and mental health issues.]" ***Id.*** at 17. Appellant further contends that the trial court "imposed a harsh and excessive sentence [in Case 2443] by failing to significantly consider his difficult childhood, his background and family, his remorse and acceptance of responsibility, his participation in programs while he was incarcerated, his rehabilitative needs[,] and his possible mental health issues." ***Id.*** at 18. In particular, Appellant "contends that the trial court focused on punishment when it sentenced him at the high end of the standard sentence range [for his DUI offense, as a first-time offender]." ***Id.*** at 18-19. Appellant further asserts that the trial court, in sentencing him in the aggravated sentencing range for his aggravated assault by vehicle conviction, impermissibly considered his prior criminal conduct that did not result in a conviction. ***Id.*** at 19. Appellant also "argues that[,] by imposing consecutive sentences[, the trial] court imposed an unwarranted and excessive punishment." ***Id.*** at 21.

Counsel asserts that Appellant's claims are frivolous because the trial court, by virtue of having and reviewing a PSI report, was aware of Appellant's criminal history, as well as his character and background. ***Id.*** at 17-18. Counsel also remarks that, in fashioning its sentences in Case 2443, "the trial court took into consideration the aggravated circumstances involved, that is

the victim's significant and lifelong physical and mental repercussions of Appellant's criminal behavior[.]" *Id.* at 19. Counsel further recognized that Appellant "pled guilty to offenses which occurred at different times and involved different victims [and] that given Appellant's inability to conform his behavior to the rules of law, the imposition of consecutive rather than concurrent sentences for offenses that involve[d] different victims and occurred at separate times was not[, in counsel's opinion, un]necessarily harsh and excessive." *Id.* at 21.

The trial court explained its reason for fashioning Appellant's sentences as follows:

> Appellant, at the time of the imposition of his sentence[s] had a prior record score [("PRS")] of [3.] The minimum standard range sentence [according to] the sentencing guidelines relative to [Case 1025] - simple assault was listed [as] restorative sanctions to less than 12 months['] incarceration. The minimum standard [range] sentence related to [Case 2443] - aggravated assault by vehicle was listed [as 15] months to [21] months['] incarceration, [with] an aggravated range minimum sentence [of 27] months['] incarceration. Finally, the minimum standard [range] sentence related to [Case 2443 - ]DUI was [] 72 hours to [3] months['] incarceration. [The trial] court imposed the [aforementioned sentences] upon [Appellant.] Thus, the [] sentencing [structure] resulted in an aggregate sentence of 39 to 90 months['] incarceration, followed by 48 months['] probation.
>
> Prior to sentencing, [the trial] court carefully reviewed the PSI [report], the applicable standard sentencing guidelines, the circumstances surrounding Appellant's life, criminal history, and the underlying facts of the offenses. Additionally, [the trial] court held familiarity with Appellant *via* multiple previous appearances before [the trial] court regarding unrelated criminal matters.
>
> Here, the sentences imposed [for Appellant's simple assault and DUI convictions] were within the standard minimum range and within the lawful maximum, which is neither harsh nor excessive,

and thus considered appropriate and not violative of the Sentencing Code. Further, the sentence imposed [for Appellant's aggravated assault by vehicle conviction] was within [the] aggravated minimum range and within the lawful maximum, which is neither harsh nor excessive, and thus considered appropriate under the Sentencing Code. Furthermore, [the trial] court imposed [an aggregate] sentence upon Appellant that took into account Appellant's prior history and dealings with the criminal justice system, the facts and circumstances of the instant cases, the nature and gravity of the offenses, as well as the testimony provided at Appellant's sentencing hearing on September 10, 2024.

Trial Court Opinion, 3/13/25, at 12-13 (extraneous capitalization and record citations omitted; formatting modified).

At the September 10, 2024 sentencing hearing, the trial court heard from the victim involved in Case 2443. The victim described the severe impact Appellant's actions had on her life, stating that she was no longer able to stand for long periods of time or perform the same work due to her injuries, that she missed half of her senior year of high school and spent almost 3 weeks in the hospital, that she has undergone seven surgeries and an additional surgery was required in the future to remove screws from her leg, and that her injuries required skin grafts. N.T., 9/10/24, at 3-4. The victim explained that her injuries and recovery affected her family and that she developed "severe [post-traumatic stress disorder ("PTSD")] when it comes to cars and walking on the road and in the street." *Id.* at 4. The victim also stated that she occasionally experiences night terrors about the accident and getting hit by Appellant's vehicle. *Id.* The victim stated that, due to the accident, she

will have "arthritis in [her] twenties" and permanent nerve damage in her leg such that the leg constantly hurts. *Id.* at 5.

At the sentencing hearing, counsel for Appellant stated that he reviewed the PSI report and that there were no changes, although counsel argued "[t]here's not much information" in the PSI report and that most of the information contained in the PSI report was "objectionable." *Id.* 5-6. On behalf of Appellant, counsel expressed that Appellant "accepts responsibility for his conduct and [that] he's sorry." *Id.* at 6. Counsel informed the trial court that Appellant was 40 years old, had a three-year-old child, and dreams of being a parent by providing a stable life for the child and going to culinary school. *Id.* Counsel explained that Appellant "grew up in the streets" and that Appellant recognizes that he "needs to make changes in how [] he functions in the world." *Id.* Counsel suspected that Appellant had "undiagnosed mental health problems" and stated, "he gets anxious[] if he doesn't understand what's going on." *Id.* at 7. Appellant apologized, in open court, to the victim and stated that there was "no excuse for what [he] did" and that he accepted full responsibility for his actions. *Id.*

Prior to imposing its sentence, the trial court noted that Appellant had "5 prior assault charges[ and] 17 other convictions all in all." *Id.* at 7-8. The trial court then sentenced Appellant, in Case 1025, to the standard range of 11 to 24 months' incarceration. *Id.* at 8. The trial court explained that, in Case 2443, it was imposing a sentence in the aggravated range for Appellant's aggravated assault by vehicle conviction "based upon the nature and

circumstances of the incident, as well [as] the serious injury to the victim, and [] the fact that [Appellant has] a number of prison write[-]ups and [] failed to follow through even on what's necessary [while incarcerated]." *Id.* The sentence imposed for aggravated assault by vehicle – 27 to 60 months' incarceration to be followed by 48 months of probation – was set to run consecutively to the sentence imposed in Case 1025. *Id.* at 9 (stating, "[t]hat will be an aggregate sentence of 38 to 84 months[' incarceration] plus 48 months[' probation]"). On September 17, 2024, the trial court imposed a standard range sentence for Appellant's DUI conviction of 1 to 6 months' incarceration with the sentence set to run consecutively to the sentence imposed for aggravated assault by vehicle. N.T., 9/17/24, at 2.

The trial court sentenced Appellant within the standard range of sentencing for his simple assault and DUI convictions. *See Commonwealth v. Corley*, 31 A.3d 293, 298 (Pa. Super. 2011) (stating, "where the [trial] court imposed a standard-range sentence with the benefit of a [PSI] report, we will not consider the sentence excessive"); *see also Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa. Super. 2010) (stating, "where a sentence is within the standard range of the [sentencing] guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code"). The trial court explained its reasons on the record for sentencing Appellant at the aggravated range of the sentencing guidelines for his aggravated assault by vehicle conviction. In fashioning its sentences, the trial court took into consideration the information contained in the PSI report, as well as the

information presented at the September 10, 2024 sentencing hearing, including Appellant's mitigating factors, *i.e.*, background, suspected mental health issues, responsibility, and remorse, as well as the victim impact statement which detailed the extensive and severe physical and emotional injury inflicted by Appellant. ***See Commonwealth v. Knox***, 219 A.3d 186, 199 (Pa. Super. 2019) (stating that, when a trial court orders and reviews a PSI report prior to sentencing, this Court presumes the trial court "was aware of all relevant sentencing factors"), *appeal denied*, 228 A.3d 256 (Pa. 2020); ***see also Commonwealth v. Devers***, 546 A.2d 12, 18 (Pa. 1988) (stating that, "[i]t would be foolish, indeed, to take the position that if a [trial] court is in possession of the facts, it will fail to apply them to the case at hand"); ***Alameda***, 339 A.3d at 513 (reiterating that, "[w]here the trial court has the benefit of reviewing a PSI [report], we must presume that the [trial court] was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors" (citation omitted). Therefore, we discern no issue which warrants relief.

Regarding Appellant's assertion that the trial court abused its discretion in fashioning a sentencing scheme whereby the sentences imposed were set to run consecutively, rather than concurrently, to each other, we find Appellant's claim to be without merit. "Long standing precedent recognizes that the Sentencing Code affords the [trial] court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed." ***Commonwealth v. Brown***,

249 A.3d 1206, 1212 (Pa. Super. 2021) (original quotation marks, original brackets, and ellipsis omitted), *citing* **Commonwealth v. Marts**, 889 A.2d 608, 612 (Pa. Super. 2005); **see also** 42 Pa.C.S.A. § 9721(a) (stating, ""[i]n determining the sentence to be imposed the [trial] court . . . may impose [the sentences] consecutively or concurrently"). "We will not disturb consecutive sentences unless the aggregate sentence is 'grossly disparate' to the defendant's conduct, or 'viscerally appears as patently unreasonable." **Brown**, 249 A.3d at 1212 (brackets omitted), *relying on* **Commonwealth v. Gonzalez-Dejusus**, 994 A.2d 595, 599 (Pa. Super. 2010). The trial court reviewed the PSI report and listened to the victim's impact statement detailing the horrific injuries she sustained as a result of Appellant's actions, her long road to recovery, and the lasting impact Appellant's actions will have on her life. We do not find Appellant's aggregate sentence of 39 to 90 months' incarceration to be followed by 48 months' probation to be clearly unreasonable based upon his criminal conduct, as found by the trial court, and supported by the record. Therefore, we discern no abuse of discretion in the trial court's decision to impose consecutive sentences. **See Gonzalez-Dejusus**, 994 A.2d at 598 (reiterating the long-standing principle that "a defendant is not entitled to a 'volume discount' for his or her crimes").

Finally, Appellant asserts that the trial court erred in considering his "prior assault charges" in fashioning its sentences. Recently, in **Commonwealth v. Berry**, 323 A.3d 641 (Pa. 2024), our Supreme Court held that a trial court commits an error of law when it relies upon prior arrests as

a sentencing factor. ***Berry***, 323 A.3d at 654. The ***Berry*** Court reasoned that "prior arrests are not probative at a sentencing hearing and are not otherwise relevant to the factors that are central to the sentencing determination." ***Id.*** at 651. Berry had a PRS of zero but the PSI report indicated that Berry had "one juvenile arrest and five adult arrests, none of which resulted in an adjudication or conviction." ***Id.*** at 643-644. In imposing an aggravated sentence on Barry for his two convictions of endangering the welfare of a child, the trial court stated on the record that it was "taking into account that while this is [Berry's] first conviction, there are previous other arrests."[15] ***Id.*** at 644. In so doing, our Supreme Court found that

> [t]he [trial] court correctly noted that Berry's [PRS] was zero, because Berry had no prior convictions or adjudications. The [trial] court then nullified the [PRS] by considering, and significantly relying upon, Berry's prior arrests. The [trial] court stated, "I'm also taking into account that while this is [Berry's] first conviction, there are previous other contacts. This is not the anomaly that the [PRS] of zero would foreshadow for me." The [trial] court's consideration of prior arrests skewed a necessary sentencing factor – Berry's [PRS].

***Id.*** at 651-652 (footnotes, original brackets, and ellipsis omitted).

In case *sub judice*, the trial court did state, prior to imposing its sentence, that "[you (referring to Appellant)] have 5 prior assault charges, 17 other convictions all in all." N.T., 9/10/24, at 7-8. Appellant's 17 "other

---

[15] A jury convicted Berry of "sexual abuse of children and two counts of endangering the welfare of children[,] one graded as a misdemeanor and one graded as a first-degree felony." ***Berry***, 323 A.3d at 643-644; ***see also*** 18 Pa.C.S.A. §§ 6312(b)(1), 4304, and 4303, respectively.

convictions" were reflected on the guideline sentence forms and resulted in the calculation of Appellant's PRS of 3. ***See*** Guideline Sentence Form (Case 1025), 9/20/24; ***see also*** Guideline Sentence Form (Case 2443), 9/20/24. The trial court then sentenced Appellant for his simple assault conviction within the standard range of sentencing. N.T., 9/10/24, at 8. In imposing its sentence on Appellant's aggravated assault by vehicle conviction, the trial court stated that its reasons for sentencing Appellant in the aggravated sentencing range were "based upon the nature and circumstance of the incident, as well [as] the serious injury to the victim, and [] the fact that [Appellant has] a number of prison write[-]ups and [] failed to follow through even on what's necessary [while incarcerated]." ***Id.*** The trial court did not mention Appellant's "5 prior assault charges" as one of its reasons for imposing an aggravated sentence.[16] Therefore, we do not find that the trial

---

[16] To the extent that the trial court considered Appellant's "write-ups" while incarcerated, we do not find "write-ups" to be the equivalent of arrests and, as such, "write-ups" may be one of the many factors considered by a trial court in fashioning a sentence. ***See Commonwealth v. Miller***, 965 A.2d 276, 280 (Pa. Super. 2009) (stating that, as one of the many factors a trial court may consider in fashioning a sentence, the trial court may consider the defendant's "misconduct while incarcerated"), *appeal denied*, 981 A.2d 218 (Pa. 2009), *cert. denied*, 558 U.S. 1121 (2010); ***see also Commonwealth v. Smith***, 2020 WL 1042484, at *4 (Pa. Super. Mar. 4, 2020) (unpublished memorandum); ***Commonwealth v. Walls***, 926 A.2d 957, 961 (Pa. 2007) (stating, the trial court is in "a superior position to view the defendant's character, displays of remorse, defiance or indifference[,] and the overall effect and nature of the crime" (citation and original quotation marks omitted)). Here, Appellant had 17 prior convictions which resulted in his PRS being calculated as a 3. The trial court relied upon the PRS when it imposed standard range sentences for the simple assault and DUI convictions. In

court "nullified" Appellant's PRS of 3 but, rather, considered only appropriate sentencing factors in fashioning its aggravated sentence.

Upon review of the record, we conclude that it supports Attorney DeVita's assessment that Appellant's appeal is wholly frivolous. Moreover, our independent, comprehensive review of the record reveals no additional non-frivolous claims. Therefore, we grant counsel's petition to withdraw and affirm Appellant's judgments of sentence.

Judgments of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/17/2025

---

sentencing Appellant in the aggravated range for his aggravated assault by vehicle conviction, the central concern of the trial court was the serious injury to the victim, as well as Appellant's overall prison conduct and failure to conform his behavior as require, thus resulting in several "write-ups." Nonetheless, the trial court, in calculating the aggravated range sentence, still relied upon Appellant's PRS of 3. Therefore, the prison "write-ups" neither skewed nor nullified Appellant's PRS, as occurred in **Berry**, **supra**.